Anderson, J.
delivered the opinion of the court.
Joseph Morrison was the owner of a considerable real estate, which he disposed of by will, and appointed appellants his executors, whom he made also devisees, and his residuary legatees. They filed their hill, and after-wards an amended bill, in the Circuit court of Loudoun county, against Joseph P. Grubb, the appellee, in which they allege that their testator in his lifetime owned a number of bonds or notes amounting to about $4,000, which were drawn payable to him, and were in his possession a few days before his. death. That they were, after his death, in the possession or under the control of said Grubb, and were not assigned to him; and that he gave no consideration for them.
Thus far the bills do not make a case against the appellee. The averments do not show them entitled to any discovery or relief against him. Interest in the subject of the suit, or a right in the thing demanded, are essentially ■ necessary to sustain a bill; and if they are not fully shown by the bill itself the defendant may demur. Mitford’s Eq. Plead, top p. 177, Libraiy Edition. It might be true that the decedent, in his lifetime, was the owner of bonds which he had in his possession a few days before his death; and that those bonds came into the .possession of the defendant without assignment, and that he paid no consideration for them; all of which may be true, and not incompatible with his right of property in them. Indeed, he having the possession without the imputation of any fraud or unfairness in its procurement, it is prima facie evidence of his right of property. The bills do not, therefore, thus far upon *347 their face, show a right in the plaintiffs to the possession of the bonds in question, or a right to call upon the defendant concerning them; and without further averments they are consequently demurrable. But they do allege further, that they “were the property of said Morrison at his death, and became assets of said estate which should come to their hands.” And they allege that they “are entitled to know what bonds of said Morrison said Grubb holds, and to recover them for the said Morrison’s estate.” And they call upon the defendant to answer their bill as specifically as if each allegation were the subject of special interrogatory: And their prayer is that he be compelled to produce with his answer all the bonds in his possession payable to the late Joseph Morrison; and that the court may deci’ee the delivery of said bonds' to them; and for general relief.
The defendant, in his answer, denied that he had in his possession, or under his control, at the time of Joseph Morrison’s death, or at any time since his death, any bonds which were at his death his property, or to which the complainants, as his executors, or in any other character, have any right, title or interest. This is a positive denial of, and directly responsive to the last allegation above mentioned, as contained in the bill. And it is a material allegation; so material that without it the bill would have been demurrable.
But it is contended that it is not an allegation of a fact, but only an inference of law from the facts previously alleged. But we have seen that the facts previously alleged do not justify such an inference of law. If it had been alleged only as an inference of law, it would have raised this question of law, whether, upon the facts alleged, the bonds were the property of the decedent. at his death, and became assets to which his execu *348 tors were entitled ? And in that case, for reasons before given, we think the bill would have been demurrable. - But we do not regard it as merely the allegation of an inference of law from the facts, before alleged, but as a distinct substantive allegation, that the bonds were the property of the decedent at his death, and that his executors were entitled to them as assets. And the facts before averred are relied on as tending to sustain that allegation. But they are not sufficient of themselves. There is an important link in the chain wanting; the averment that the appellee did not acquire the title or beneficial interest in these bonds, by the transfer, and delivery to him by the decedent in his lifetime. That deficiency is not supplied by the averments, that they were “not assigned to him,” and that “he gave no consideration for them,” because the right might have passed, as well by transfer and delivery, as by assignment, and by gift as well as by sale. But the defect we think is supplied by the general averment under consideration, which negatives the idea that they passed by gift or otherwise to the appellee, by the act of the decedent in his lifetime.
The allegation in the bill that the bonds in question were the property of the decedent at the time of his death, is not only an averment of the inference of law, but it includes all the facts necessary to such an inference. It is in fact an averment that the decedent did no act in his lifetime, by which his right of property in said bonds was extinguished, or transferred to the defendant by gift or otherwise. And this allegation is positively denied by the answer. And whilst it admi+s that the decedent was the owner of the bonds and had possession of them until a few days before his death, it says uno flatu that he transferred and delivered them to-him shortly before his death, as a gift. "We think the *349 whole should ,be taken together as the answer of the defendant, responsive to the allegations of the bill; just as if evidence had been offered to prove that the defendant had admitted that he had the bonds in possession, by gift from the decedent shortly before his death. It would be improper to allow the first part of his declaration as to the possession, and to exclude the latter part as to the means by which he obtained it. Fletcher & al. v. Froggatt, 2 Car. & Payne, 568; Randle v. Blackburn, 5 Taunt, 245; Blount v. Burrow, 1 Vesey, jr., R. 546; Hill v. Chapman, 2 Bro. ch. C. 612; Tate v. Hillbut, 4 Bro. ch. C. 286.
The answer also, in confirmation of its direct responses to the allegations of the bill, avers affirmatively what occurred between decedent and others bearing on the subject of the gift, and the fact of his having possession of the bonds being known to others before the death of decedent; also that bo and the plaintiffs were equally near of kin to decedent, being his nephews; that he was his favorite nephew; and that decedent had some time previous to this gift, authorized a friend to purchase a tract of land for him, at a cost of about the amount of said bonds, who failed to effect the purchase in consequence of the owner declining to sell; and that it was the purpose of his uncle to give him what he intended to give him, in his lifetime; and to give to plaintiffs by his will what he intended for them; and that his bequests to each of them were at least equal in value to the bonds he gave to him.
The court is of opinion, that the weight of the testimony is in support of these affirmative allegations, and that it is corroborative of so much of the answer as is responsive to the allegations of the bill; and that the answer is evidence so fai as it is responsive, though the bill is not a pure bill of discovery; and according to the *350 well established rule, so far as it is responsive, it is to be taken as true, unless it be contradicted by two wit- - nesses, or one witness and corroborating circumstances. Fant v. Miller & Mayhew, 17 Gratt. 187.
But if the answer is not so responsive to the bill, as to throw upon the plaintiffs the onus of disproving the statement in the answer that the bonds were delivered to the defendant by the decedent in his lifetime as a gift, by two witnesses, or by one witness and corroborating circumstances, it at least traverses the allegation of the bill, that the said bonds were the property of the decedent at his death, and are assets of his estate belonging to the plaintiffs. And the defendant having possession of them under a claim of ownership, (it is not material that it should be by donatio causa mortis, if it 'is inter vinos,) which possession he is proved to have had before the death of decedent, and no fraud or unfairness being shown or alleged in the procurement of the possession, the onus is upon the plaintiffs to prove their allegation that they were the property of the decedent at his death; which we think, in this case, is not proved by showing by the admission of the defendant or otherwise, that they were property of decedent several days before his death. The admission that they were the property of the decedent several days before his death, cannot be taken to be an admission of the allegation of the bill that they were the property of the decedent at his death, •because it is accompanied with the declaration of the defendant, that they were afterwards, in the lifetime of the decedent, delivered to him as a gift. And it matters not whether it was a gift, causa mortis or inter vivos.
The statement in the answer that the said bonds were delivered to the defendant by decedent as a gift is supported, we think, by the preponderance of evidence in the record. Although in delivering the pocket-book contain *351 Ing the bonds, to the defendant, he did not use the word “give,” but according to the averment of the answer accompanied the delivery with these words: “Here Joe, take this, take it home with you, and keep it,” we are clearly of opinion that these words, taken in connection with the other evidence of the previous acts and declarations of intention by the decedent, and surrounding circumstances, . must be interpreted to import a gift. Upon the whole, we are of opinion that there is no error in ■ the decree of the Circuit court to the prejudice of the appellants.
Decree affirmed.